IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOMMY LEE MCKINNON, # 178114, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:22cv93-RAH-CSC |
| | ) (WO) |
| JEFFERY BALDWIN, *et al.*, | ) |
| | ) |
| Respondents. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alabama prisoner Tommy Lee McKinnon has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2003 robbery convictions and resulting life sentence. Doc. 1.[1]

### **I. BACKGROUND**

On January 24, 2003, McKinnon pled guilty in the Circuit Court of Montgomery to three counts of first-degree robbery in violation of Ala. Code § 13A-8-41. Doc. 11-2 at 18–19. That same day, the trial court sentenced McKinnon as a habitual offender to concurrent terms of life in prison. *Id*. McKinnon did not appeal, and he did not seek collateral review through a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure ("Ala. R. Crim. P. 32") or any other state application for collateral review.

---

[1] References to documents in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on copies submitted for filing.

On February 10, 2022,[2] almost 19 years after his conviction, McKinnon filed a *pro se* petition in this court challenging his convictions and sentence. Doc. 1. Because McKinnon used a form meant for state petitions for post-conviction relief under Ala. R. Crim. P. 32, this court told him in an order entered on March 29, 2022, that the correct vehicle for him to challenge his state convictions was a petition for writ of habeas corpus under 28 U.S.C. § 2254 and advised him, in compliance with *Castro v. United States*, 540 U.S. 375 (2003), that the court was recharacterizing his petition, i.e., Doc. 1, as a § 2254 petition. Doc. 5. The order directed McKinnon to inform the court by April 12, 2022, whether he sought to (1) proceed under § 2254 on the claims in Doc. 1; or (2) amend the petition to assert additional claims under § 2254; or (3) withdraw the petition.[3] *Id.* at 1–2. McKinnon was cautioned that if he failed to comply with the court's order, the case would proceed under § 2254 with the court considering only matters in Doc. 1. *Id.* at 2.

McKinnon did not respond to the court's March 29 order. Consequently, this case is proceeding under § 2254 with the court considering only matters in Doc. 1. A problem for McKinnon is that his claims in that document are conclusory and non-specific, with no supporting factual details. As grounds for relief, he merely checks two blanks on the Ala. R. Crim. P. 32 form with the following boilerplate language: "The Constitution of the

---

[2] McKinnon's petition was date-stamped as received by the court on February 23, 2022. Doc. 1 at 1. However, applying the prison mailbox rule, the court deems the petition to be filed on February 10, 2022, the date McKinnon says he signed the petition and delivered it to prison authorities for mailing. *Id.* at 7–8.

[3] The Clerk of Court was directed to provide McKinnon with a form for filing a § 2254 petition. Doc. 5. at 2.

2

United States or of the State of Alabama requires a new trial, a new sentence proceedings, or other relief," and "The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law." Doc. 1 at 4, 5. McKinnon has never elaborated on these grounds.

Another problem for McKinnon is that, as Respondents contend, his § 2254 petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).[4] *See* Doc. 11 at 3–4. Thus, as discussed below, the court recommends that McKinnon's petition be denied without an evidentiary hearing and dismissed with prejudice.

## II.  DISCUSSION

A.  **AEDPA's One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4] Respondents also argue that McKinnon's claims are unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the Alabama courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See* Doc. 11 at 5–6. Because McKinnon's petition is time-barred, the court pretermits discussion of his apparent procedural default.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.   Computation of Timeliness**

Usually, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by conclusion of direct review or expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *see Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Where an Alabama defendant does not appeal his conviction, his judgment of conviction becomes final, and AEDPA's statute of limitations begins to run, 42 days after sentencing—the time allowed by Ala. R. App. P. 4(b)(1) to file a notice of appeal. *See Bridges v. Johnson*, 284 F. 3d 1201, 1202 (11th Cir. 2002) (for purposes of AEDPA's one-year limitation period, the defendant's convictions became final on the date his right to appeal expired where he did not seek a direct appeal).

Here, the final day upon which McKinnon could have filed a notice of appeal on direct review was March 7, 2003, i.e., 42 days after his January 24, 2003 sentencing. Therefore, absent some effective tolling event, McKinnon had until March 8, 2004 (the first business day after Sunday, March 7, 2004) to file a timely petition under § 2254.

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency of a properly filed state court petition for collateral review. *See* 28 U.S.C. § 2244(d)(2). However, McKinnon never sought post-conviction relief in state court by filing a petition under Rule 32 of the Alabama Rules of Criminal Procedure. Therefore, he receives no tolling benefit under § 2244(d)(2). Nor does McKinnon set forth facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D); i.e., he does not show that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. The court therefore is unaware of any basis to apply statutory tolling.

For McKinnon, AEDPA's statute of limitations expired on March 8, 2004. McKinnon filed his § 2254 petition on February 10, 2022—making it untimely under the statute by over 17 years.

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

5

in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden to establish that equitable tolling is warranted falls upon the petitioner. *Hunter*, 587 F.3d at 1308. Here, McKinnon makes no argument that he is entitled to equitable tolling, and the court knows of no reason that would support tolling of the limitations period in his case. Therefore, his petition is subject to dismissal for untimeliness, and his claims, such as they are, are not subject to federal habeas review.[5]

### III. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that McKinnon's 28 U.S.C. § 2254 petition be DENIED as time-barred under 28 U.S.C. § 2244(d)(1)(A) and that this case be DISMISSED with prejudice.

It is further ORDERED that, by **October 31, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any

---

[5] Notwithstanding the one-year limitations period in § 2244(d)(1)(A), it has been recognized that an untimely petition can be overcome—thereby opening the door to review—through a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). A petitioner so asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). McKinnon does not assert that he is actually innocent.

subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 17th day of October 2023.

                            /s/ Charles S. Coody
                            CHARLES S. COODY
                            UNITED STATES MAGISTRATE JUDGE